IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 12-10232-03-EFM

HENRY J. ADAMS,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Henry J. Adam's Motion for Compassionate Release (Doc. 217). He seeks early release from prison due to having underlying health conditions that make him susceptible to contracting COVID-19. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

**I.    Factual and Procedural Background**

On March 25, 2013, Defendant pleaded guilty, without a plea agreement, to armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2113(d).[1] On August 6, 2013, Defendant was sentenced to 140 months' imprisonment. Defendant appealed his above-guidelines sentence to

---

[1] Defendant was the lookout and drove the vehicle from the scene after two of his co-Defendants fled the bank.

the Tenth Circuit arguing that he was a minor participant and should have received an offense-level reduction. The Tenth Circuit affirmed this Court's decision finding that this Court did not err when it denied Defendant a minor-participant reduction in offense level and did not abuse its discretion when upward varying from the guidelines.[2] Specifically, the Tenth Circuit noted that Defendant's history of repeated criminal offenses satisfied the reasonableness standard.[3]

Defendant is 39 years old, and he is currently incarcerated at Springfield MCFP. There have been 249 positive cases in the facility in which Defendant is housed, and five inmates have died.[4] Currently, there are 133 active inmate cases, 41 active staff cases, and two pending inmate tests. Defendant's projected release date is October 30, 2023.

On July 22, 2020, Defendant filed a motion seeking early release from prison due to the risk of contracting COVID-19. He states that due to the underlying health conditions of end-stage renal disease,[5] hypertension, and a recent left side nephrectomy, he is more susceptible to COVID-19 complications.[6] Defendant is represented by counsel.

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[7] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion

---

[2] *United States v. Adams*, 751 F.3d 1175 (10th Cir. 2014).

[3] *Id*. at 1183.

[4] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited November 9, 2020).

[5] Defendant has been on dialysis since 2016.

[6] Defendant is also borderline obese.

[7] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[8] The administrative exhaustion requirement is jurisdictional and cannot be waived.[9]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2)  "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[10]  Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[11]

---

[8] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[9] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction);  *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[10] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[11] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

### III.   Analysis

Defendant seeks early release based on the spread of COVID-19 in prison and his underlying medical conditions that increase his chances of severe illness or death. The government asserts that Defendant is not an appropriate candidate for early release.

#### A.   Exhaustion

Defendant has satisfied the exhaustion requirement described in § 3582(c). He requested compassionate release from the Warden which was denied on June 12, 2020. As of July 22, 2020, the date Defendant filed his motion, 30 days have passed since Defendant's request. The government also admits that Defendant meets the exhaustion requirement. Thus, the Court will proceed to decide Defendant's motion.

#### B.   Extraordinary and Compelling Reasons

Defendant next asserts that his medical conditions of end-stage renal disease, hypertension, and a recent left side nephrectomy, coupled with the outbreak of COVID-19 in Springfield MCFP, constitutes an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A). One condition, chronic kidney diseases, is listed by the Centers for Disease Control and Prevention ("CDC") as one that is at increased risk for severe illness from COVID-19.[12] Hypertension is listed as a condition that may be at increased risk.[13]

In addition, the government concedes that per Department of Justice ("DOJ") policy and Centers for Disease Control and Prevention ("CDC") guidance, Defendant's medical conditions

---

[12] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 16, 2020).

[13] *Id.*

of kidney disease and hypertension, in the context of the COVID-19 pandemic, constitute an extraordinary and compelling reason. The government contends, however, that when balanced with the § 3553(a) factors, Defendant fails to demonstrate a situation so severe that release is warranted. Accordingly, the Court will move on to consider the § 3553(a) factors.

**C.      Section 3553(a) Factors**

Finally, the Court must consider whether Defendant's sentence reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a) "to the extent that they are applicable."[14] Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[15]

Defendant pleaded guilty to the serious offense of armed bank robbery. The Court provided notice, prior to Defendant's sentencing, that it was concerned that the guideline range of 84 to 105 months may not be sufficient to deter Defendant from future offenses and protect the public. At sentencing, the Court found that a 140-month sentence was appropriate based on several factors.

First, the Court noted that Defendant's part as a lookout in an armed bank robbery played an indispensable part in a criminal venture and that Defendant was involved in the preplanning of the robbery. The Court also noted that Defendant was involved in a staggeringly long list of previous offenses with a high criminal history score. In addition, the Court noted Defendant's

---

[14] 18 U.S.C. § 3582(c)(1).

[15] 18 U.S.C. § 3553(a).

high criminal history without the addition of numerous additional offenses that did not garner criminal history points. Finally, the Court noted that Defendant's history showed that he re-offended within weeks, if not days, of release from custody or supervision multiple times, demonstrating an inability upon release from prison to maintain a compliant lifestyle. Thus, the Court found that 140 months' imprisonment reflected the need to protect the public from further crimes of Defendant and provide adequate deterrence of future criminal conduct.

At this point, Defendant has served approximately 70 percent of his sentence. The Court remains convinced that 140 months is the appropriate sentence. Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment. The Court finds that the 140-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved. Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 217) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 19th day of November, 2020.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE